UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 17-12541-LTS |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) ) | |

ORDER ON MOTION FOR RECONSIDERATION (DOC. NO. 33)

January 24, 2019

SOROKIN, J.

On January 8, 2019, the Court entered summary judgment in favor of defendant Philadelphia Indemnity Insurance Company ("Philadelphia") and closed the case. Docs. No. 31, 32. Plaintiff Clarendon National Insurance Company ("Clarendon") now asks the Court to reconsider its decision. Doc. No. 33. For the reasons explained briefly below, and for the reasons stated in the Court's earlier Order, Clarendon's motion for reconsideration is DENIED.

Clarendon argues in its motion that the Court incorrectly put the burden on Clarendon to demonstrate that the underlying loss did not fall within an exclusion in Philadelphia's policy. Doc. No. 33 at 3. Rather, Clarendon argues, Philadelphia bore the burden of demonstrating that the underlying loss *did* fall within that exclusion. Id. Clarendon makes a similar argument about the Court's determination that Philadelphia did not have a duty to defend. It argues that, while an insurance carrier need not investigate a claim that clearly falls outside of its policy's coverage,

the carrier must investigate a claim that falls within the policy's basic terms but is then covered by an exclusion, because the carrier bears the burden of showing the application of that exclusion. Id. As a result, in this case, Philadelphia would have had a duty to defend. Id. at 4.

These arguments mischaracterize the basis for the Court's decision. As the Court's earlier Order explained, in an insurance dispute such as this one, "[t]he insured has the initial burden of proving that a loss falls within the policy's description of covered risks," after which it becomes "the insurer's burden to show the applicability of a particular exclusion." New Fed Mortg. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 543 F.3d 7, 11 (1st Cir. 2008). The Court found that the underlying loss in this matter was not covered by Philadelphia's policy because it did not occur within the policy period. Doc. No. 31 at 6. An insurance policy's limitation of coverage to a defined time period is not a policy exclusion such that the burden of demonstrating its applicability is on the insurer. Rather, a policy period is a fundamental term of virtually any insurance policy. The insured therefore bears the burden of demonstrating that a covered loss occurred within the policy period.

The insurance policy in this case stated clearly that coverage would apply "only if . . . [t]he 'bodily injury' or 'property damage' occurs during the policy period; and . . . [p]rior to the policy period, no insured . . . knew that the 'bodily injury' or 'property damage' had occurred, in whole or in part." Doc. No. 19-1 at 60.[1] This language appears in the very first section of the

---

[1] Attached to Clarendon's motion for reconsideration are two pages that appear to be a portion of an insurance policy. Doc. No. 33-1 at 2–3. The parties in this matter have previously agreed that the insurance policy at issue appears at Doc. No. 19-1. See Doc. No. 18 ¶ 1 (Philadelphia's statement of material facts, claiming that the policy appears at Doc. No. 19-1); Doc. No. 23 ¶ 1 (Clarendon's response to Philadelphia's statement of material facts, admitting that the policy appears at Doc. No. 19-1). The two pages submitted with the motion for reconsideration do not appear anywhere in the policy at Doc. No. 19-1, though the policy does include similar, but fundamentally different, pages. Compare, e.g., Doc. No. 19-1 at 60, with Doc. No. 33-1 at 2. The motion for reconsideration does not advance evidence that establishes that the pages attached

policy's description of its coverage for bodily injury and property damage, entitled "Insuring Agreement." Id. Clarendon has not advanced, either in its opposition to the motion for summary judgment or in its motion for reconsideration, any basis on which the Court should find that these terms constitute an exclusion, rather than simply "the policy's description of covered risks." New Fed Mortg. Corp., 543 F.3d at 11.

At summary judgment, "[i]nitially, the onus falls upon the moving party to aver an absence of evidence to support the nonmoving party's case." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993) (internal quotations and citations omitted). Because nothing in the complaint in the matter underlying this one was "reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the . . . terms" of Philadelphia's policy, Billings v. Commerce Ins. Co., 936 N.E.2d 408, 414 (Mass. 2010), Philadelphia had neither a duty to defend nor to a duty to indemnify its insured in connection with the complaint. It therefore met its initial burden at summary judgment. "Once the moving party satisfies [its initial] requirement, the pendulum swings back to the nonmoving party, who must oppose the motion by presenting facts that show that there is a genuine issue for trial." LeBlanc, 6 F.3d at 841. Because Clarendon did not advance disputed facts sufficient to show a genuine issue for trial on the issue of Philadelphia's duties to defend and indemnify, Philadelphia was entitled to summary judgment.

---

thereto are from the relevant policy, not does it explain Clarendon's failure to dispute the text of the policy at the summary judgment stage. The Court does not consider the pages attached to the motion for reconsideration, which appear to be irrelevant.

3

For the foregoing reasons, and for the reasons stated in the Court's earlier Order, Doc. No. 31, Clarendon's motion for reconsideration, Doc. No. 33, is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge